IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN LANGMI TECHNOLOGY CO., LTD.,<br><br>*Plaintiff,*<br><br>v.<br><br>THE PARTNERSHIPS and UNINCOPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>*Defendants.* | Civil Action No. 1:23-cv-15003<br><br>Judge Nancy L. Maldonado |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Shenzhen Langmi Technology Co., Ltd. ("Plaintiff" or "Langmi") files this Memorandum of Law in support of its Motion for Preliminary Injunction ("PI Motion").

**I.    INTRODUCTION**

Langmi respectfully moves for a Preliminary Injunction against the Partnerships and Unincorporated Associations Identified on Schedule A (collectively, "Defendants"), thereby enjoining Defendants from further reproducing, preparing derivative works, and/or distributing Langmi's copyrighted works, U.S. Copyright Registration No. Vau 1-495-067 ("Copyright"). As part of the Preliminary Injunction, Langmi requests all relief previously granted in the TRO be extended during the pendency of the litigation.

As alleged in the Complaint, Defendants are infringing upon Langmi's exclusive rights in the Copyright by reproducing, preparing derivate works, and/or distributing copies of the Copyright in the form of hair related products with packaging that infringes directly and/or indirectly Plaintiff's Copyright ("Infringing Products") via at least the fully interactive e-commerce storefronts identified on Schedule A ("Defendant Internet Stores"). In short, Defendants

1

operate an off-shore, willful infringement operation, with absolute disregard for Langmi's intellectual property rights in the Copyright.

## II.     STATEMENT OF FACTS

Plaintiff is the owner of the Copyright. Declaration of Lang Wang ("Wang Decl.," attached as Exhibit A) at ¶ 4. Plaintiff controls the quality of all content that features the distinctive Plaintiff's Copyright. *Id.*

Substantial time, money, and other resources have been expended in developing, advertising, licensing and otherwise promoting the Plaintiff's Copyright. *Id.* at ¶5. As a result, the copyrighted image is widely recognized and exclusively associated by consumers, the public, and the trade as being associated with Plaintiff. *Id*. The hair related products utilizing Plaintiff's Copyright garnered high reviews averaging 4.4 out of 5 stars out of over 900 customer ratings. *Id.* at ¶6. Plaintiff has not licensed or authorized Defendants to use or reproduce its copyrighted works, and none of the Defendants are authorized resellers of licensed products. *Id.* at ¶ 9.

## III.    PROCEDURAL HISTORY

On October 24, 2023, the Court entered a Sealed Temporary Restraining Order (Dkt. No. 11) ("TRO") against Defendants. The TRO authorized Langmi to provide notice of these proceedings to Defendants by sending an email to the email addresses provided for Defendant by third parties. Pursuant to the terms of the TRO, Langmi provided Amazon.com, Inc. ("Amazon") with actual notice of the TRO on October 25, 2023, via email. Declaration of Tong Jin ("Jin Decl.," attached as Exhibit B) at ¶ 4.

Langmi has received responsive production from Amazon, including expedited discovery to ascertain the electronic mail addresses of the Defendants. *Id*. at ¶ 5.

Langmi served the Summons, Complaint, and TRO on Defendants via email, in accordance with the terms of the TRO, on October 30, 2023. Jin Decl. at ¶ 6; *see also* Exhibit B-1 (return of service).

## III. ARGUMENT

### A. Extending the Relief Already Granted in the TRO to a Preliminary Injunction is Appropriate.

First and foremost, the PI Motion should be granted since this Court already granted a TRO (Dkt. No. 11) and the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit. *See*, *e.g.*, *Charter Nat'l Bank & Tr. v. Charter One Fin., Inc.*, No. 01 C 0905, 2001 U.S. Dist. LEXIS 6531 (N.D. Ill. May 15, 2001). Moreover, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted).

A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). Moreover, "[a]ny court having jurisdiction of a civil action arising under this title may… grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Here, Plaintiff has satisfied these requirements.

### i. *Jurisdiction is proper in this Court.*

3

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper pursuant to 28 U.S.C. § 1391(c)(3).

This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Defendant Internet Stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase counterfeit products. *See, e.g., Christian Dior Couture, S.A. v. Lei Liu et al.*, 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (finding personal jurisdiction proper over defendant offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required). Each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Langmi substantial injury in the State of Illinois.

    ii.  *Langmi has demonstrated a likelihood of success on the merits.*

This Court already found that Langmi has demonstrated a likelihood of success on the merits when the TRO was granted. (Dkt. No. 11). Even so, to establish a *prima facie* case for copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). The owner of a copyright may obtain a certificate of copyright, which is "*prima facie* evidence" of its validity. 17 U.S.C.S. § 410(c). *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). Copying may be inferred "where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *Susan Wakeen Doll Co., Inc. v. Ashton*

4

*Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001) (quoting *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)). *See also Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1169-70 (7th Cir. 1997). It is not essential to prove access, however, if the "two works are so similar as to make it highly probable that the later one is a copy of the earlier one, the issue of access need not be addressed separately, since if the later work was a copy its creator must have had access to the original." *Ty, Inc.*, 132 F.3d at 1170. Moreover, copyright protection extends to works derived from the original work, as § 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Here, Plaintiff owns the Copyright as the claimant of record and as the holder of all rights and permission therein. *See* Exhibit 2 to the Complaint, Certificates of Registration. Secondly, the unlicensed Infringing Products are so clearly substantially similar to the protected works, as exemplified below, that it is highly probable that the Infringing Products are copies of the Copyright or, at the very least, are derived from the distinctive creative content found in the Copyright. *See* Dkt. Nos. 3-1.

| Exemplary Defendants' Infringing Product | Plaintiff's Copyrighted Artwork |
|---|---|
|  |  |



As shown above, the *prima facie* case of infringement is clear and establishes that Langmi is likely to succeed on the merits of the copyright claim. *See WPIX, Inc. v. ivi, Inc.*, 765 F. Supp. 2d 594, 617 (S.D.N.Y. 2011) (finding that the plaintiffs "easily" met their burden of likelihood of success on the merits where plaintiffs demonstrated that they owned valid copyright and that defendant was using their works without their consent and in the absence of any statutory exception). Accordingly, Plaintiff has established a *prima facie* case of copyright infringement.

        iii.    *Plaintiff has demonstrated irreparable harm because there is no adequate remedy at law.*

This Court has already determined that Plaintiff is likely to suffer an irreparable harm in the absence of injunctive relief when the TRO was granted. (Dkt. No. 11). Even so, the burden of the copyright owner to show irreparable harm for preliminary injunctive purposes is "very light," and if the copyright owner shows probable success on the merits "the requisite irreparable injury

6

is normally presumed." *Atari, Inc. v. JS & A Grp, Inc.*, 597 F. Supp. 5, 10 (N.D. Ill. 1983). "By its very nature, a claim of invasion of intellectual property such as a copyright… demands injunctive relief if the value of that property is not to be destroyed by the alleged infringer. And the need for such injunctive relief is the paradigmatic example of the absence of an adequate remedy at law." *Artmark-Chicago, Ltd. v. E. Mishan & Sons, Inc.*, No. 90 C 4512, 1991 U.S. Dist. LEXIS 20600 at *5 (N.D. Ill. Jan. 4, 1991).

Defendants' trespass on the exclusive rights in the Copyright has and continues to irreparably harm Langmi by depriving Langmi of the ability to control the creative content protected by the Copyright, Further, in this case, in the absence of an injunction, Plaintiff will suffer irreparable harm due to loss of goodwill and reputation. Wang Decl. at ¶¶ 14-18. These are recognized irreparable harms for which monetary compensation is inadequate. *See MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007) ("In sum Plaintiffs' have offered two independently sufficient grounds for a finding of irreparable harm. Plaintiffs will suffer irreparable harm because of StreamCast's likely inability to pay for the past and/or future infringements that it has induced. Additionally, StreamCast's inducement has and will continue to irreparably harm Plaintiffs' ability to enforce its exclusive rights."); *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1013-14 (C.D. Cal. 2011) (recognizing that the perception of the ability to infringe copyright protected work undermines the ability to develop and conduct business). Accordingly, Langmi has established that it will be irreparably harmed by Defendants' infringing conduct that cannot be remedied by monetary damages alone.

Moreover, given that Defendants are individuals and businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with no U.S. presence, any monetary judgment is likely uncollectable. *See Robert Bosch, LLC v. Pylon Mfg.*

*Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question); *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007) (finding inadequacy of legal remedies where "all three Defendant are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages"). For the reasons stated above, Langmi will suffer immediate and irreparable injury, loss, or damage if a permanent injunction is not issued.

      iv.    *The balancing of harms tips in plaintiff's favor, and the public interest is served by entry of a permanent injunction.*

This Court has already determined that the balance of harms weighs in Langmi's favor and that the public interest is best served by a permanent injunction when the TRO was granted. (Dkt. No.11). The Court must consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Langmi will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895. In other words, the balance of harm to Langmi if the PI is wrongly denied must outweigh the harm to the Defendants if the PI is wrongly granted.

Here, the harm to Langmi if the Court wrongfully denies the PI would be the continued willful infringement of the Copyright, potentially unquantifiable lost goodwill, and diminished marketing benefit. On the other hand, a wrongfully entered PI will eliminate Defendants' ability to sell Infringing Products. Since Langmi has a strong likelihood of success on the merits and since any such harm to Defendants' would be short-lived and purely economic, it is clear that the balance of equities weigh in favor of Langmi.

The final prong requires the Court to consider the public interest. "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in

8

the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983). The public interest is best served in this case by protecting the Copyright. First, a PI would protect the public's expectations that obtaining a copyright ensures one's property interest. Defendants' infringing conduct clearly flies in the face of public policy, as their only purpose appears to be financial gain from blatant copyright infringement. For these reasons, it is respectfully submitted that granting the PI Motion is in the public interest.

### B. The Equitable Relief Sought Remains Appropriate.

In relief, Langmi seeks a preliminary injunction enjoining and restraining Defendants from further violating Langmi's exclusive rights in the Copyright on or in connection with the Defendant Internet Stores. Furthermore, Langmi seeks a continued asset freeze to ensure the availability of permanent monetary relief given the likelihood that Defendants will simply transfer their ill-gotten assets in an attempt to evade any judgment against them entered by this Court. Langmi requests all relief previously granted in the TRO be extended until the pendency of the litigation. Such relief is explicitly authorized under 17 U.S.C. § 502.

#### i. *The sale restraint is appropriate.*

To prevent the Defendants from further violating Langmi's exclusive rights in the Copyright, Langmi respectfully requests that the injunctive relief already awarded be extended through the pendency of this case. A continued sales restrain is necessary to enjoin Defendants from continuing to reproduce and distribute copies of the Copyright.

#### ii. *The asset restraint is appropriate.*

Langmi also requests a restraint of Defendants' assets so that Langmi's right to an equitable accounting of Defendants' profits from the sales of Infringing Products is not impaired. Issuing an asset restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to

overseas accounts before a restraint is ordered. Specifically, upon information and belief, the Defendants in this case hold most of their assets in China, making it easy to hide or dispose of assets, which will render an accounting by Langmi meaningless. Courts have the inherent authority to issue a prejudgment asset restraint when the complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992).

In addition, Langmi has shown a strong likelihood of succeeding on the merits of its copyright infringement a claim, so according to the Copyright Act 17 U.S.C. § 504(b), Plaintiff is "entitled to recover the actual damages suffered… and any profits of the infringer... In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." Langmi's Complaint seeks, among other relief, that Defendant account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' infringing conduct. Dkt. No. 1 at 8, 10. Therefore, this Court has the inherent equitable authority to grant Langmi's request for a continued prejudgment asset freeze to preserve the equitable relief sought.

The Northern District of Illinois in *Lorillard Tobacco Co. v. Montrose Wholesale Candies* entered an asset restraining order in a trademark infringement case brought by a tobacco company against owners of a store selling counterfeit cigarettes. *Lorillard*, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005). The Court, citing *Grupo Mexicano de Desarollo, S.A. v. Aliance Bond Fund*, 527 U.S. 308 (1999), recognized that it was explicitly allowed to issue a restraint on assets for lawsuits seeking equitable relief. *Id.* (*citing Grupo Mexicano*, 527 U.S. at 325 (*citing Deckert v.*

*Independence Shares Corp.*, 311 U.S. 282 (1940)). Because the tobacco company sought a disgorgement of the storeowner's profits, an equitable remedy, the Court found that it had the authority to freeze the storeowner's assets. *Id.; see also Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988 (7th Cir. 2002) ("since the assets in question... were the profits of the [Defendant] made by unlawfully stealing [the plaintiffs'] services, the freeze was appropriate and may remain in place pending final disposition of this case."); *accord* 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 30:40 (4th ed. 2013). The equitable relief sought in a trademark case is more than analogous to the equitable relief sought in this copyright case.

Here, Langmi has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' infringing conduct, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. Accordingly, the granting of a preliminary injunction preventing the transfer of Defendants' assets is proper.

    iii.    *The remaining equitable relief appropriate.*

Langmi further seeks that all remaining equitable relief previously granted in the TRO, be extended here in the Preliminary Injunction. Such relief includes limited expedited discovery and alternative notice by email.

**IV.    CONCLUSION**

In view of the foregoing, Langmi respectfully requests that this Court enter a Preliminary Injunction enjoining Defendants from further infringement and to extend the equitable relief granted in the TRO.

DATED: November 2, 2023                    Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Tong Jin
New York Bar No. 5871959
tjin@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2023, Defendants were served with a copy of the foregoing via email as per paragraph 6 of this Court's Temporary Restraining Order (Dkt. No. 11).

*/s/ Hao Ni*
Hao Ni